AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of

**Any and All funds or other things of value** that are contained in Wells Fargo Account Number xxx-xxx1417, held in the name of Deborah Jean Palfrey.

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

I Troy A. Burrus being duly sworn depose and say:

I am a(n) Special Agent of the U.S. Internal Revenue Service and have reason to believe that within the jurisdiction of this Court there is now certain property which is subject to forfeiture to the United States, namely any and all funds or other things of value that are contained in Wells Fargo Account Number xxx-xxx1417, held in the name of Deborah Jean Palfrey, which are proceeds traceable to or derived from violations of Title 18 U.S.C., § 1343 (Fraud by Wire, Radio or Television) and/or violations of 18 U.S.C. § 1952 (Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises) (specified unlawful activities) and/or as property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 or 1957 (money laundering or a conspiracy to commit money laundering), or any property traceable to such property. These funds or other things of value, including stock, are therefore subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C). The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.     **X** YES     ☐ NO

Troy A Burrus, Special Agent
U.S. Internal Revenue Service
(202) 874-1426

Sworn to before me, and subscribed in my presence

_____     at Washington, D.C.
Date

_____     _____
Name and Title of Judicial Officer     Signature of Judicial Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


IN THE MATTER OF THE                          )
SEIZURE OF ANY AND ALL                        )          Case No.
FUNDS AND OTHER THINGS OF VALUE               )
CONTAINED IN WELLS FARGO                      )
ACCOUNTS xxxx-xx9217 and xxx-xxx1417,         )
AND IN CHARLES SCHWAB INVESTMENT              )
ACCOUNTS xxxx-3181,xxxx-3186 AND              )
xxxx-3192.                                    )


AFFIDAVIT IN SUPPORT OF APPLICATIONS
FOR SEIZURE WARRANTS

     I, Troy A. Burrus, after being duly sworn, depose and state as follows:

     1.     I am a Special Agent ("SA") employed by the United States Internal Revenue

Service, Criminal Investigation ("IRS-CI"), and I have been so employed since July 1999.  I am

currently assigned to the IRS-CI in Baltimore, Maryland.  My duties include the investigation of

criminal violations of the Internal Revenue Laws (Title 26, United States Code); the Bank

Secrecy Act (Title 31, United States Code); the Money Laundering Control Act (Title 18, United

States Code, Sections 1956 and 1957); and related offenses.  I received training at the Federal

Law Enforcement Training Center in Glynco, Georgia, including training in financial

investigative techniques, accounting, and criminal law and procedure, including the execution of

search and seizure warrants.  I have a Bachelor's Degree in Accounting from Auburn University

in Alabama, and I am a licensed Certified Public Accountant.  Prior to July 1999, I was

employed as a senior tax accountant with several public accounting firms, including

PriceWaterhouse Coopers, where my duties included the analysis of financial documents and

records.  I have personally conducted or assisted in investigations of alleged criminal violations

of the Internal Revenue Laws, the Bank Secrecy Act, and the Money Laundering Control Act.  I

have also participated in the planning and execution of federal search and seizure warrants

related to criminal violations.

2.      This affidavit supports applications for seizure warrants for:  (1)  all funds or

other things of value that are contained in Wells Fargo Bank Accounts xxxx-xx9217 and xxx-

xxx1417, held in the name of Deborah Jean Palfrey; and (2) all funds or other things of value that

are contained in Charles Schwab Investment Accounts xxxx-3181, xxxx-3186, and xxxx-3192,

held in the name of Deborah Jean Palfrey.   Probable cause exists to believe that such funds are

subject to seizure and forfeiture to the United States pursuant 18 U.S.C. §§ 981(a)(1)(A) and (C),

and 18 U.S.C. § 984, because these funds constitute property involved in transactions in violation

of 18 U.S.C. §§ 1956 or 1957, or property traceable to such property, and/or because these funds

are property which constitute or are derived from proceeds traceable to a violation of an offense

constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy

to commit such offense.

3.      The information and statements contained in this affidavit are based upon my

personal knowledge, discussions with other IRS-CI special agents and agents from the United

States Postal Inspection Service ("USPS"), and information from bank personnel familiar with

the above-referenced accounts.  Because this affidavit is for the limited purpose of obtaining

seizure warrants in this matter, this affidavit does not contain all of the information learned by

me or other law enforcement officers during this investigation.

4.      Based upon my knowledge, training, and experience, I know that individuals

operating illegal businesses, such as prostitution businesses, usually conduct financial

transactions with customers in cash in order to avoid detection.  This results in significant

amounts of cash profits being amassed.  Individuals often attempt to disguise or conceal their

profits from illegal businesses by converting such cash profits to other types of financial

instruments, including money orders and cashier's checks, and depositing them into bank or

other financial accounts.  These profits are also used to purchase other types of properties (such

as cars or real estate), pay expenses, and promote the continuation of the illegal businesses.

**INVESTIGATION**

5.    In June 2004, the IRS-CID and USPS began a joint investigation of an illegal

prostitution business operating in the Washington, D.C. area.  This illegal prostitution business

was, and continues to be, operated by DEBORAH JEAN PALFREY ("PALFREY") from her

home in Vallejo, California.

6.    I have learned that, since 1993, PALFREY has operated her current illegal

prostitution business in the Washington, D.C. metropolitan area, under the name Pamela Martin

and Associates.  PALFREY advertises her business on a website which lists three telephone

numbers for clients and applicants to call.  One of these telephone numbers has a 202 area code,

which is the area code for Washington, D.C.  I have also learned that in 1991, PALFREY was

convicted for operating an illegal prostitution business in California.  She served eighteen months

in prison as a result of that conviction.  PALFREY started her current illegal prostitution

business, while still on probation for her 1991 conviction.

7.    In December 2005, I and other investigators began conducting interviews of

former prostitutes who worked for Pamela Martin & Associates.  Through interviews of former

prostitutes and the review of documents and records, I have learned that PALFREY operates her

illegal business as an out-call prostitution business in the District of Columbia and other states,

including Virginia and Maryland.  PALFREY is also known as "Julia."   PALFREY hires

women, who are at least 22 years of age, possess some college education, and have employment

outside of their prostitution activities.  PALFREY advertises for these women through

newspapers, on the Internet, and in the yellow pages of telephone books.  PALFREY personally

interviews the women by telephone and has them mail an application with a photograph to

PALFREY's P.O. Box in Benicia, California.  The women tell PALFREY the days that they will

be available, but PALFREY encourages them to work at least three nights each week.  After a

woman is hired as a prostitute, she is sent to a "screening" appointment and is required to engage

in sexual activity, without payment, with a male designated by PALFREY.  This is done so that

PALFREY can ensure that none of her employees are law enforcement officers.

      8.     PALFREY's prostitutes work at various residences or hotels in the

Washington, D.C. metropolitan area.  The prostitutes reside in Virginia, Maryland, and

Washington, D.C., and travel to locations in these three jurisdictions in order to engage in

prostitution.   PALFREY tells the prostitutes where they should go, the time of the meeting with

the customer, and the customer's name.  Customers pay a fixed fee at the beginning of the

meeting (approximately $275-$300 in cash) for the prostitution services.  The prostitutes keep

approximately fifty percent (50%) of the monies and forward the remaining monies to PALFREY

pursuant to PALFREY's instructions.  The prostitutes are instructed by PALFREY to purchase

postal or other money orders with the cash and transmit these money orders to PALFREY's

United States Post Office Box in Benicia, California, thereby laundering the cash.  As part of her

business operations, PALFREY then deposits the postal or other money orders into either her

Wells Fargo checking account or her Charles Schwab investment accounts.  She then transfers funds between these accounts.  Records show that with respect to at least two of these accounts, listed below, PALFREY has purchased stock.   In addition, PALFREY paid personal expenses, such as mortgage payments and car lease payments, out of some of these accounts.

**Bank Records and Financial  Information**

9.      Based on my review and analysis of records for PALFREY's Wells Fargo and Charles Schwab accounts, and based upon information learned from employees of Wells Fargo and Charles Schwab, for the period January 2000 through September 2006, I have learned that PALFREY has received and deposited over $750,000 in money orders from various prostitutes into these accounts.  PALFREY has deposited the bulk of the money orders (approximately 98%) into her Wells Fargo checking account.  Subsequently, PALFREY has transferred monies from her Wells Fargo checking account to the other accounts listed above.  From my review of financial documents and bank records, PALFREY has no other legitimate income being deposited into these accounts.  Moreover, PALFREY has no other employment or source of legitimate income that would account for the assets that she owns or the monies in these accounts.  On September 29, 2006, I spoke to employees of Wells Fargo and Charles Schwab. They advised me that there have been deposits and transfers of monies into these accounts up to this date consistent with PALFREY's  prostitution business as described above.  They have also advised me that at no time have these accounts had a balance of zero.  The employees also advised me that the balances in the accounts as of this date are as follows:

Wells Fargo Account (savings account) xxxx-xx9217– $2,055.68
Wells Fargo Account (checking account) xxx-xxx1417– $11,985.00
Charles Schwab Account xxxx-3181– $36,458.67

Charles Schwab Account xxxx-3186 – $188,605.89 (in cash) and $126,268.40 (in stock)
Charles Schwab Account xxxx-3192 – $51,283.59 (in cash) and $10,480.00 (in stock)

        10.     Based upon the above facts, there is probable cause to believe that the previously

identified funds on deposit in the accounts held in the name of Deborah Jean Palfrey, are subject

to seizure and forfeiture pursuant to Title 18, United States Code, § 981(a)(1)(A) and (C) as

property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C.

§§ 1343 and 1952, offenses constituting specified unlawful activities, and property involved in a

transaction in violation of 18 U.S.C. §§ 1956 or 1957 (money laundering or a conspiracy to

commit money laundering), or property traceable to such property.  I have been advised that a

prosecution for money laundering offenses pursuant to 18 U.S.C. §§ 1956 and 1957 (including a

conspiracy to commit), may be brought in:  (1) any district where an act in furtherance of the

conspiracy took place; or (2) any district where a prosecution for the specified unlawful activity

could be brought if the defendant participated in the transfer of proceeds of the specified

unlawful activity from that district to the district where the financial or monetary transaction took

place.  *See* 18 U.S.C. § 1956(i).  I have also been advised that Title 18, United States Code,

Section 981(b)(3), provides that "a seizure warrant may be issued . . . by a judicial officer in any

district in which a forfeiture action against the property may be filed under Section 1355(b) of

Title 28, *and may be executed in any district in which the property is found . . . ."*

        Based upon the above, I, therefore, respectfully request that seizure warrants be issued for

all funds or other things of value in the following accounts: Wells Fargo Bank Accounts xxxx-

xx9217 and xxx-xxx1417, held in the name of Deborah Jean Palfrey; and (2) all funds or other

things of value that are contained in Charles Schwab Investment Accounts xxxx-3181,

xxxx-3186, and xxxx-3192, held in the name of Deborah Jean Palfrey.

_____

Troy A. Burrus, Special Agent
U.S. Internal Revenue Service

SWORN TO AND SUBSCRIBED before me this _____ day of September, 2006.

_____

United States Magistrate Judge
 for the District of Columbia